# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LESTER F. KRUPP, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:07CV884 HEA ) |
| CITY OF ST. LOUIS JUSTICE CENTER, et al., | ) ) ) |
| Defendants. | ) ) |

## OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon the application of Lester F. Krupp, Jr. (registration no. 92353), an inmate at the St. Louis County Justice Center (SLCJC), for leave to commence this action without payment of the required filing fee [Doc. #2].

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the

amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $133.33, and an average monthly account balance of $106.12. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $26.67, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights. Named as defendants are the City of St. Louis Justice Center ("City Jail"), Unknown Ward, Unknown Brown,[1] Unknown Burt, Anthony Jenkins, Antonio Cage, Darnell Vaughn, Jimmie Duncan, the City of St. Louis ("City"), the State of Missouri, the Missouri Department of Corrections ("MDOC"), and Unknown Smith.

Liberally construing the complaint, plaintiff alleges that on March 19, 2007, while confined at the City Jail, he was beaten by four other inmates (defendants Jenkins, Cage, Vaughn, and Duncan). As a result of this beating, plaintiff claims he lost sight in his left eye. Plaintiff further alleges that immediately after the beating defendant Brown said to him that plaintiff should never had "written him [Brown] up" and that plaintiff was going to "get his cracker ass kicked." Plaintiff contends that he was beaten up for filing complaints against the staff.

## Discussion

Plaintiff's claims against defendant Brown regarding retaliation survive review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendant Brown reply to this claim.

Plaintiff's claims against the other defendants, however, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims against defendants Jenkins,

---

[1] Plaintiff's handwriting is difficult to read and it is possible that plaintiff has written "Brock" instead of "Brown." The Court, however, believes it is "Brown."

Cage, Vaughn, and Duncan should be dismissed because these are private parties, not government officials, and, therefore, their actions are not taken under color of state law. 42 U.S.C. § 1983.

Plaintiff's claims against defendants Ward, Burt, and Smith should be dismissed because plaintiff has not alleged how these individuals are personally and directly responsible for his injuries. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)("[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

Plaintiff's claims against the City and the City Jail should also be dismissed. The City Jail, which is a facility, is not a suable entity. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *cf. Catlett v. Jefferson County*, 299 F. Supp. 967, 968-69 (E.D. Mo. 2004) (subdivision of local government entity that lacks capacity to be sued under applicable state law may not be sued in federal court under § 1983). Furthermore, plaintiff has not alleged that unlawful actions were taken pursuant to City's policies or customs. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978).

Finally, the State of Missouri and the MDOC are immune from liability for damages for suits brought pursuant to § 1983. *See Will v. Michigan Dep't of State*

*Police*, 491 U.S. 58, 63 (1989).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $26.67 within thirty (30) days from the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants City of St. Louis Justice Center, Unknown Ward, Unknown Burt, Anthony Jenkins, Antonio Cage, Darnell Vaughn, Jimmie Duncan, City of St. Louis, State of Missouri, Missouri Department of Corrections, and Unknown Smith because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Brown.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2),

defendant Brown shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

**IT IS FURTHER ORDERED** that plaintiff's motions to have his complaint reviewed pursuant to 28 U.S.C. § 1915 [Docs. #6, #7, and #8] are **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 5th day of September, 2007.

                                        HENRY EDWARD AUTREY
                                  UNITED STATES DISTRICT JUDGE