UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESTER KRUPP, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV884 HEA |
| ) | |
| CITY OF ST. LOUIS JUSTICE CENTER., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on Plaintiff's Motion for Appointment of Counsel, [Doc. No. 14]. There is no constitutional or statutory right to the appointment of counsel in a civil case. *Phillips v. Jasper County Jail* 437 F.3d 791, 794 -795 (8th Cir. 2006). When an indigent prisoner has pleaded a nonfrivolous cause of action, a court "*may*" appoint counsel. *See* 28 U.S.C. § 1915(e) (emphasis added). *Id.* The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir.1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir.2005). In considering

a motion to appoint counsel for an indigent plaintiff, the court should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Plaintiff contends that he was beaten up for filing complaints against the staff at the City of St. Louis Justice Center. The Complaint sets forth the facts upon which this claim is based and Plaintiff has articulated circumstances surrounding his claim, as well as Defendant's knowledge of his particular situation. The facts of this case do not appear to be so complex that Plaintiff is unable to pursue this action without the assistance of counsel. Having considered the factual complexity of the case, the ability of Plaintiff to investigate the facts, the potential existence of conflicting testimony, the ability of Plaintiff to present his claim and the complexity of the legal issues involved in this case, *see Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986)*; Phillips v. Jasper County Jail*, 437 F.3d 791, 794-95 (8th Cir. 2006)("The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Edgington,* 52 F.3d at 780"), the Court concludes that appointment of counsel is not

warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. No. 14] is denied without prejudice.

Dated this 5th day of November, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE